UNITED STATES *v.* SAMUEL SHAPIRO & CO. (No. 3255)[1]

[1] T. D. 43930.

470

*Charles D. Lawrence*, Assistant Attorney General (*Oscar Igstaedter*, special attorney, of counsel), for the United States.
*Allan R. Brown* for appellee.

[Oral argument February 13, 1930, by Mr. Igstaedter and Mr. Brown]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The merchandise involved in this case is described on the invoice as "Memo books 53/B 204." It was classified by the collector under paragraph 1305 of the Tariff Act of 1922 and assessed for duty at 5 cents per pound and 20 per centum ad valorem.

The importer protested and the Customs Court sustained the protest, holding the articles to be blank books and properly dutiable at the rate of 25 per centum ad valorem under paragraph 1310. From this judgment the Government appeals.

The pertinent portions of the contesting paragraphs read as follows:

PAR. 1305. Papers with coated surface or surfaces, not specially provided for, 5 cents per pound and 15 per centum ad valorem; * * * bags, printed matter other than lithographic, and all other articles, composed wholly or in chief value of any of the foregoing papers, not specially provided for, and all boxes of paper or papier-mâché or wood covered or lined with any of the foregoing papers or lithographed paper, or covered or lined with cotton or other vegetable fiber, 5 cents per pound and 20 per centum ad valorem; * * *.

PAR. 1310. Unbound books of all kinds, bound books of all kinds except those bound wholly or in part in leather, sheets or printed pages of books bound wholly or in part in leather, pamphlets, music in books or sheets, and printed matter, all the foregoing not specially provided for, if of bona fide foreign authorship, 15 per centum ad valorem; all other, not specially provided for, 25 per centum ad valorem; blank books, slate books, drawings, engravings, photographs, etchings, maps, and charts, 25 per centum ad valorem.

The case was submitted in the Customs Court upon an official sample filed as an exhibit and this sample is before us.

It consists of a paper pad composed of some 22 blank ruled sheets about 5½ inches long by 3 inches wide inclosed in a binding of surface-coated paper with seam at the top. This binder, however, consists not only of the portion requisite to constitute backs for the pad, but there is a larger portion having two side compartments or pockets,

apparently capable of serving as containers for cards, bills, paper money, or other such articles as the owner might care to insert therein. The whole is so bound that it is capable of being folded in a way which gives it the appearance of a neat but cheap pocketbook. The material of which it is composed is flimsy in character and the article evidently would not bear long or rough usage. The appraiser reported that they were made in chief value of surface-coated paper, and this is not contested.

In its decision in this case the Customs Court held that the classification of the articles was controlled by a former decision of that court (then the Board of United States General Appraisers), *In re B. Illfelder & Co.*, G. A. 5475, T. D. 24783, decided November 12, 1903, in a case which arose under the Tariff Act of 1897. In that case articles described in the opinion as "combination pocket memorandum books, made of paper, having various compartments or pockets for carrying cards, bills, etc.," were held to fall under "books of all kinds" as provided for in said 1897 act.

In that opinion there was no description of the articles involved except as above stated, so that we can not know whether the merchandise there involved was in all practical respects, as to covers or binding, number of compartments or pockets, etc., the same as that at bar or not.

We find, however, that T. D. 24783 itself was made to rest upon the authority of a prior case, *In re* protest of *Wm. Wetstein* (94876f), decided by the board May 1, 1903. This latter opinion has never been published, but in the 24783 opinion, *supra*, it is stated that in the *Wetstein* case the board (now this court) said:

At the hearing the importers produced witnesses to show that the goods are, and were at the time of the passage of the act of 1897, commercially known as memorandum books or as flat memorandums, and the samples in the case show that they clearly fall within the provision "for books of all kinds."

In neither of the decisions of the board (now the Customs Court) does it positively appear that the articles in the instant case are identical with those involved in the cited authorities.

Upon the assumption that they are identical, however, the importer insists upon the application of the doctrine laid down in numerous cases to the effect that Congress, by reenacting in the act of 1922 the language of that of 1897 which had been adjudicated, is presumed to have legislated with the judicial construction in mind, and therefore the decisions should be applied as they were applied by the Customs Court in this case.

To this contention the Government replies that from that part of the opinion quoted from the *Wetstein* case it appears that the decision there rested upon proof of commercial designation and invokes the doctrine that where a decision rests upon such proof the ordinary rule

of legislative intent derived from legislation following judicial construction of language does not apply.

Importer responds to this that there is no showing of proof of commercial designation having been made in the *Illfelder* decision, T. D. 24783.

Whether this latter contention of importer is correct we are unable to determine. A careful examination of the full opinion, T. D. 24783, shows that four classes of goods were involved in the protest there made. As to two of these, it does appear that proof of commercial designation was had, but as to that class claimed to be similar to the goods at bar nothing is said of there being any proof.

We have been unable to obtain any aid from such examination as we have made of the Summary of Tariff Information of 1920, or later similar works.

We are convinced from our inspection of the sample in this case that the Government's contention is correct where it says:

An examination of the sample in evidence, Exhibit I, reveals that it is more than a blank book. It is a pocket folder with inside pockets and is a card case with sheets in book form attached thereto. It is an article a part of which is a blank book.

If the memorandum pad were entirely removed from the folder there would remain an article which would be complete and useful for purposes entirely distinct from memorandum work, and this portion of the article constitutes its chief value.

We do not feel, therefore, that it should be classified as importer insists and as the Customs Court held, and we do not believe that the decisions upon which the court based its action and upon which importer relies are sufficiently definite in showing the particular facts upon which they rested to justify our holding that they were adopted by Congress in the act of 1922 as the correct interpretation to be applied to the articles here involved. The classification of the collector should stand.

Accordingly, the judgment of the Customs Court is *reversed*.